# United States District Court

NORTHERN DISTRICT OF TEXAS
Lubbock Division

FILED
AUG 12 1994
NANCY DOHERTY, CLERK
By_____ Deputy

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed on or After November 1, 1987) |
| | Case Number: 5:94-CR-0012-02-C |
| RODNEY BURNETT WHITE | Bill Wischkaemper<br>Defendant's Attorney |

THE DEFENDANT:

☒ pleaded guilty to count _one (1) of the indictment_.
☐ was found guilty on count(s) _ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC § 846 | Conspiracy to Possess with Intent to Distribute and to Distribute of 50 Grams or More of Cocaine Base | 2/11/94 | one (1) |

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _ and is discharged as to such count(s).
☒ Count _two (2) of the indictment pertaining to this defendant_ is dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ _50.00_, for count _one (1)_, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:
Defendant's Date of Birth:

Defendant's Mailing Address:

REDACTED

Defendant's Residence Address:

Same as above

August 12, 1994
Date of Imposition of Sentence

_[signature]_
Signature of Judicial Officer

SAM R. CUMMINGS, United States District Judge
Name & Title of Judicial Officer

August 12, 1994
Date

_70_

Defendant: <u>Rodney Burnett White</u>   Judgment -- Page <u>2</u> of <u>5</u>
Case Number: <u>5:94-CR-0012-02-C</u>

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>one hundred twenty (120) months.</u>

☐   The court makes the following recommendations to the Bureau of Prisons:


☒   The defendant is remanded to the custody of the United States marshal.
☐   The defendant shall surrender to the United States marshal for this district,
   ☐   at   am./pm. on   .
   ☐   as notified by the United States marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
   ☐   before 2 p.m. on   .
   ☐   as notified by the United States marshal.
   ☐   as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                                                      _____
                                                      United States Marshal

                                      BY _____
                                                      Deputy Marshal

Defendant:   Rodney Burnett White
Case Number:   5:94-CR-0012-02-C

Judgment -- Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  five (5) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☒   The defendant shall report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

☒   The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is ordered that the defendant contribute to the costs of services rendered (co-payment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

☒   The defendant shall not possess a firearm or destructive device.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1.   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.   the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month;
3.   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.   the defendant shall support his or her dependents and meet other family responsibilities;
5.   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.   the defendant shall notify the probation officer within seventy-two (72) hours of any change in residence or employment;
7.   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8.   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10.  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11.  The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12.  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13.  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 5:94-cr-00012-CF-BG   Document 70   Filed 08/12/94   Page 4 of 5   PageID 56

AO 245 S (Rev. 4/90) Sheet 5

Defendant: <u>Rodney Burnett White</u>  
Case Number: <u>5:94-CR-0012-02-C</u>

Judgment -- Page <u>4</u> of <u>5</u>

## FINE

The defendant shall pay a fine of $ . The fine includes any costs of incarceration and/or supervision.

☐ This amount is the total of the fines imposed on individual counts, as follows:

<u>No fine is assessed.</u>

☐ The Court has determined that the defendant does not have the ability to pay interest. It is ordered that:

    ☐ The interest requirement is waived.
    ☐ The interest requirement is modified as follows:

This fine plus any interest required shall be paid:
☐ in full immediately.
☐ in full not later than .
☐ in equal monthly installments over a period of months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
☐ in installments according to the following schedule of payments:

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Defendant:  Rodney Burnett White  
Case Number:  5:94-CR-0012-02-C

Judgment -- Page 5 of 5

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 33

Criminal History Category: I

Imprisonment Range: 135 to 168 months

Supervised Release Range: 5 years

Fine Range: $ 17,500 to $ 4,000,000

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ N/A

☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed twenty-four (24) months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds twenty-four (24) months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

☒ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reasons: